## JOEL v. GESSWEIN.

*(Circuit Court, S. D. New York.   November 10, 1888.)*

PATENTS FOR INVENTIONS—NOVELTY—STONE SETTINGS.
  Letters patent No. 319,095 granted to Samuel Joel, June 2, 1885, for an improvement in holders for the settings of stones, the object being to provide a convenient tool to hold the metallic setting firmly while it is being manipulated by the workman prior to the reception of the stone, are void for want of novelty.

In Equity.   Bill for infringement of letters patent No. 319,095, filed by Samuel Joel against Frederick W. Gesswein.
*Julius J. Frank*, for complainant.
*Henry C. Atwater*, for defendant.

COXE, J.   On the 2d of June, 1885, letters patent No. 319,095 were granted to the complainant for an improvement in holders for the settings of stones.   The object of the patentee was to provide a convenient tool to hold the metallic setting firmly while it is being manipulated by

the workman prior to the reception of the stone. The size of the tool varies according to the size of the setting. The complainant's record contains the letters patent and proof of infringement. No evidence in rebuttal was offered. The defense is want of novelty. The defendant introduced an engraver's large wooden chuck, known as "Exhibit No. 6." The complainant concedes that if this chuck, or others similarly constructed, were made prior to the alleged invention, the patent must be declared invalid; the difference in size being unimportant. This concession simplifies the issue. The proof is clear that these anticipating devices were known and in use long prior to the complainant's patent. The defendant saw them as early as 1877. One of the witnesses recollects seeing them in 1879; two others, in the spring of 1884. This evidence is criticised, and some circumstances which tend to cast doubt upon its correctness are pointed out; but, as it is not contradicted, and comes from the lips of respectable and unimpeached witnesses, there is no justification for arbitrarily disregarding it. Upon the record as presented, the patent is unquestionably void for want of novelty.

It is unnecessary to consider letters patent No. 289,106, granted to the complainant, November 27, 1883, for the reason that it was admitted on the argument that the defendant had not infringed. The bill must be dismissed, with costs.